Gaston, Judge.
 

 Upon the case stated we are unable to perceive any legal grounds for the judgment rendered against the defendant. Admit that
 
 Thompson’s
 
 execution was irregular because sued out without a
 
 scire fa-cias,
 
 and admit even that this irregularity ivas not cured by the waiver of
 
 Tunstal,
 
 the .defendant in the execution, upon which points it is unnecessary to express an opinion,) yet assuredly it was not therefore void. Now an officer can not only justify under an irregular or voidable process, hut he is bound to execute it.
 
 (Weaver
 
 v.
 
 Crier, ante
 
 1
 
 vol. 557.) Thompson’s
 
 execution therefore was an
 
 ' 1
 
 obligatory mandate on the sheriff to levy the debt of the goods and chattels of
 
 Tunslal.
 
 Upon what grounds could the sheriff give the preference claimed for the plaintiff's execution? We can see none unless it be that the latter purports to be an
 
 alias fi.fa.
 
 But it has been settled in the case of
 
 Palmer
 
 v.
 
 Clarke, (ante
 
 2
 
 vol. p,
 
 354,) that an
 
 alias fi. fa.
 
 has no lien, as against another creditor anterior to its teste, when the original
 
 fi.fa.
 
 has not been delivered to the sheriff, but retained by the plaintiff in the execution.
 

 We are of opinion that the judgment of the Superior Court must be reversed, and judgment rendered upon flic case agreed, in favor of the defendant.
 

 15er Curiam. — Judgment reversed.