An execution upon a dormant judgment is not void; it is only irregular; and that is an objection to be taken by the defendant in the execution. It does not lie with the sheriff to raise it. The process justifies him, and, therefore, he is obliged to serve it. Dawson v. Shepherd, 15 N.C. 497, is in point.
The duty of the officer as to the mode of sale was correctly stated to the jury, as the counsel for the defendant admits. But he insists that the judge erred in undertaking to assume as a fact that the articles sold for less, when put up together, than they would if offered separately. The Court would concur readily in that position if that point of fact had been disputed on the trial, and the judge had undertaken to decide it instead of submitting it as an inquiry for the jury. But it is obvious that was not the case. The very low price, being but little if any more than the value of a good wagon, prevented the defendant from contending before the jury that more would not have been got if more competition had been admitted by putting up the articles separately. Therefore, instead of doing that, he took another position which was that some of the creditors selected that mode of sale, and that was sufficient for his justification. So it was as to those creditors who directed it, but it was not as to those creditors who were absent and who suffered prejudice by that manner of selling; and of the latter class was the relator. But, plainly, that defense yielded that a different mode of selling might or (389) would have brought a better price, especially as the defendant gave no evidence to the contrary, nor insisted thereon in argument. Although it would have been erroneous not to have left that point to the jury, if it had been asked, or if the defense had not imported that the defendant did not dispute the matter of fact, yet it is not error in the judge to have assumed as true what the defense itself thus either expressly yielded or what was plainly to be inferred from it. The objection was not taken at the trial and fairly presented to the court, but is a mere afterthought and catch at the judge's words, taken abstractly and without reference to the state of the case in which he used them, and as such it cannot be sustained. As no question was made upon the amount of damages, we take it for granted they were assessed upon the principle of allowing the relator what he would have received if the sale had been properly conducted, and after satisfying the prior executions, for he was entitled to no more.
PER CURIAM. No error.
Cited: Murphrey v. Wood, 47 N.C. 64; Williams v. Williams, 85 N.C. 386;Ripley v. Arledge, 94 N.C. 471. *Page 272 
(390)